UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CANDIDO H. ALVARADO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:14-CV-2202 |
| | § | |
| CITIBANK, N.A. as trustee for WAMU ASSET-BACKED, CERTIFICATES WAMU SERIES 2007-HE-2, TRUST and JP MORGAN CHASE BANK, N.A., | § § § § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff Candido Alvarado's Motion for Rehearing and to Abate Final Decision (Doc. No. 23).[1] Because Mr. Alvarado has not adduced any new evidence and does not present any legal arguments that the Court has not already considered and rejected, his Motion must be **DENIED**.

### I. BACKGROUND

Mr. Alvarado filed suit in the 61st Judicial District Court of Harris County, Texas, raising a number of claims against Defendants Citibank, N.A. and JP Morgan Chase Bank, N.A. (collectively "Defendants") related to the imminent foreclosure of his home. (Doc. No. 1-1 at 8-17.) Among these claims was the allegation that Citibank, a trustee for a trust of mortgage-backed securities, did not own Mr. Alvarado's note because it was not transferred to the Trust until after the closing date set forth in the Trust's pooling and servicing agreement. (Doc. No. 1-1 at 14-15.) Defendants removed to this Court and moved to dismiss Mr. Alvarado's complaint for failure to state a claim. (Doc. Nos. 1, 4.) After the matter was fully briefed, the Court granted

---

[1] All docket references are to Civ. Action No. 4:14-CV-2202.

1

Defendants' motion and gave Mr. Alvarado twenty-one days to replead one of his claims. (Oct. 16, 2014, Minute Entry.)

Instead of repleading this claim, Mr. Alvarado filed a surreply to Defendants' motion to dismiss. (Doc. No. 10.) The Court struck this surreply. (Doc. No. 11.) Mr. Alvarado then filed an amended complaint against Defendants. (Doc. No. 12.) Once again, Defendants moved to dismiss. (Doc. No. 13.) On the day of the scheduled hearing on Defendants' second motion to dismiss, Mr. Alvarado filed a supplemental memorandum to his response, which raised novel arguments. (Doc. No. 17.) Specifically, Mr. Alvarado argued that, under Delaware law, which governed the Trust at issue, late assignments to a trust are void. Accordingly, Mr. Alvarado maintained that he had standing to challenge the allegedly late assignment of his loan to the Trust under *Reinagel v. Deutsche Bank National Trust Co.*, 735 F.3d 220 (5th Cir. 2013) (holding that borrowers seeking to challenge the assignment of their note must do so on the basis that the assignment is void).

The Court granted both parties additional time to brief this new issue. (Jan. 16, 2015, Minute Entry.) After considering the supplemental briefing and the relevant law, the Court granted Defendants' second motion to dismiss and entered final judgment in this case. (Feb. 12, 2015, Minute Entry; Doc. No. 22.) The pending motion for reconsideration followed.

II. **LEGAL STANDARDS**

Though the Federal Rules of Civil Procedure do not themselves specifically provide for a motion for reconsideration, such motions nevertheless are entertained under the Rules. They are generally analyzed under the standards for a motion to alter or amend a judgment under Rule 59(e), or a motion for relief from a judgment or order under Rule 60(b). *See Hamilton Plaintiffs*

2

*v. Williams Plaintiffs*, 147 F.3d 367, 371 n.10 (5th Cir. 1998). Here, Mr. Alvarado seeks reconsideration under Rule 59. (Doc. No. 23 at 1.)

A motion under Rule 59(e) must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (internal quotation marks omitted)). Such motions "cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory." *Id.* In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). While a district court has "considerable discretion" to grant or deny a motion under Rule 59(e), *id.*, the Fifth Circuit cautions that reconsideration under Rule 59(e) is an extraordinary remedy that courts should use sparingly. *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *see also In re Goff*, No. 13-41148, 2014 WL 4160444, *4 (5th Cir. 2014) ("A motion for reconsideration should only be granted in extraordinary circumstances.").

### III.   DISCUSSION

In his Motion, Mr. Alvarado does not contend that the Court made clear errors of law or fact in granting Defendants' second motion to dismiss. Rather, he argues that this Court should withdraw its prior judgment pending the resolution of a case currently before the Supreme Court of California. Mr. Alvarado direct this Court's attention to the reply brief filed in this pending case, *Tsvetana Yvanova v. New Century Mortgage Corp.*, review granted Aug. 27, 2014, S218973 [176 Cal. Rptr. 3d 266], arguing that it supports his position that a belated assignment to a trust renders the assignment void. Mr. Alvarado concedes that the California case will be

decided under California law, not the law of Texas or Delaware. Nevertheless, he argues that its outcome may still be persuasive and may engender a response from the United States Department of Justice.

Mr. Alvarado's argument clearly falls far short of the high bar for reconsideration. By his own admission, the California suit will not consider the question of Delaware law that Mr. Alvarado raised in this case. Further, any decision from the Supreme Court of California is not binding on this Court. The Court sees no reason to alter or amend its prior ruling.

### IV.   CONCLUSION

The loss of one's home is, no doubt, devastating, and Mr. Alvarado has the Court's wholehearted sympathy. Notwithstanding the understandable sense of deprivation that accompanies this litigation, however, the Court's only task is to apply the law.

For the reasons outlined above, Plaintiff's Motion for Rehearing and to Abate Final Decision is **DENIED**.

**IT IS SO ORDERED.**

**SIGNED** at Houston, Texas on this the 15th day of April, 2015.

_/s/ Keith P. Ellison_
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE